**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cr-00045-TWP-DKL |
| | ) | |
| PIERRE BURNETT a/k/a "DOE", | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR RETURN OF CASH**
**PROCEEDS AND CO2 TANKS SEIZED ON MARCH 10, 2016 AND MOTION**
**FOR RETURN OF LEASED 2015 GMC YUKON SEIZED ON MARCH 10, 2016**

This matter is before the Court on Defendant Pierre Burnett's motions for return of property. On March 22, 2016, Mr. Burnett filed a motion for return of cash proceeds and CO2 tanks (Filing No. 19) and on March 28, 2016, filed a motion for return of a leased vehicle (Filing No. 24). For the reasons stated below, Mr. Burnett's motions are denied.

On March 8, 2016, a federal grand jury returned a four count indictment against Pierre Burnett for conspiracy to distribute heroin and cocaine, distribution of heroin, distribution of cocaine, and conspiracy to commit money laundering, in violation of Title 21, United States Code, Sections 8486, 841(a)(1) and Title 18, United States Code, Section 1956(a)(1)(B)(i) and (h). (Filing No. 1.) An arrest warrant was issued and on March 10, 2016, Mr. Burnett was stopped by law enforcement officers of the Indianapolis Metropolitan Police Department ("IMPD"). Incident to his arrest, Mr. Burnett and a 2015 GMC Yukon that he was driving were searched. Officers located Seven Thousand One Dollars ($7,100.00) in U.S. currency wrapped in a t-shirt in the console of the vehicle. The currency was seized by the State of Indiana and taken to the IMPD Property Room, where the currency was processed by the IMPD. A property voucher was

prepared, and the seized currency was placed into the custody of the IMPD Custody Room. Officers also located some CO2 tanks in the 2015 GMC Yukon that are also being held by the IMPD. Incident to Mr. Burnett's arrest, IMPD arranged for the 2015 GMC Yukon to be towed from the site of the arrest. An IMPD towing receipt was completed.

Mr. Burnett asserts that the seized currency and the CO2 tanks belong to Burnett Entertainment LLC and, as such, should be returned to the "rightful owner." He seeks the return of the vehicle and asserts that the vehicle was leased to his company, Burnett Entertainment LLC.

The Court construes Mr. Burnett's motions as a motion pursuant to Federal Rule of Criminal Procedure 41(g), which addresses the return of property seized in a criminal case.   Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."   Fed. R. Crim. P. 41(g).   However, the proper time to file a motion for return of property is before any forfeiture proceedings have been initiated or before any criminal charges have been filed.   *Okoro v. Callaghan,* 324 F.3d 488, 490-91 (7th Cir. 2003); *U.S. v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004).

The Government argues that Mr. Burnett is premature in filing his motions for the return of the property. The grand jury returned an Indictment in this case on March 8, 2016, and Mr. Burnett was arrested on March 10, 2016. Because the property was seized incident to his arrest, the opportunity for Mr. Burnett to claim the return of the property must be done after conviction or acquittal of the criminal charges. *Okoro,* 324 F.3d at 490-91; *U.S. v Sims,* 376 F.3d at 708.

The Government further asserts that the three items that defendant seeks to recover were never in the custody of the Drug Enforcement Agency or any other federal agency as all items were seized by the IMPD. The Government explains that state officials intend to file a forfeiture

complaint on the seized currency in the state court, after which Mr. Burnett can file a motion for return of the property with regards to the currency in the state court proceedings. With respect to the $CO_2$ tanks, the Government advises that Mr. Burnett, through his attorneys, may contact the IMPD for the return of the $CO_2$ tanks and that the pertinent contact information has been provided to Mr. Burnett.   With respect to the 2015 GMC Yukon, pursuant to IMPD policies, the lien holder on the leased vehicle was notified of the impoundment of the vehicle and the Government believes that the lien holder has taken possession of the 2015 GMC Yukon.

Because there is no seized property in the possession of the United States or any federal agents, Mr. Burnett's motions (Filing No. 19, Filing No. 24) are **DENIED.**

   **SO ORDERED.**

Date:   4/25/2016                                                _____

                                                             TANYA WALTON PRATT, JUDGE
                                                             United States District Court
                                                             Southern District of Indiana

DISTRIBUTION:

Kenneth Lawrence Riggins
kennethriggins@yahoo.com

Reginald B. Bishop
ROBERTS & BISHOP
rbishop@roberts-bishop.com

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE
maryann.mindrum@usdoj.gov

4