UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cr-00045-TWP-DKL |
| | ) | |
| PIERRE BURNETT | ) | |
| a/k/a DOE, | ) -01 | |
| | ) | |
| Defendant. | ) | |

### ORDER ON MOTION FOR EARLY TERMINATION

This matter is before the Court on Defendant Pierre Burnett's ("Mr. Burnett") *pro se* Motion for Termination of Probation (Dkt. 76). For the reasons explained below, the Motion is **denied** without prejudice.

### I.  DISCUSSION

On August 1, 2017, Mr. Burnett pled guilty to four counts: Conspiracy to Distribute 1 Kilogram or More of Heroin and 500 Grams or More of Cocaine; Distribution of 1 Kilogram or More of Heroin; Distribution of 500 Grams or More of Cocaine; and Conspiracy to Commit Money Laundering. (Dkt. 78). He was sentenced to 188 months of imprisonment, followed by five years of supervised release. *Id*. In December 2024, Mr. Burnett was granted clemency by President Biden and the remainder of his imprisonment was commuted. He began supervised release on December 20, 2024 and his scheduled end date is December 19, 2029. *Id.*

In his Motion, Mr. Burnett writes that he has "remained write-up free and urine clean with clear conduct", has maintained a relationship with his family, and has maintained employment. (Dkt. 76). He is a student at Ivy Tech and asks the Court for consideration and mercy. *Id.*

A court may grant early termination "after one year of supervised release has elapsed and after the court considers certain factors in 18 U.S.C. § 3553(a), if the defendant's conduct and the interests of justice so warrant." *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011). The defendant has the burden of demonstrating early termination is appropriate, and must show that he has done exceptionally well, or that complying with the terms of supervised release poses an undue hardship. *United States v. White*, 2012WL5198364, at *2, (E.D.Wis. Oct. 19, 2012)(citing cases)). The language permitting early termination in 18 U.S.C. § 3583(e)(1) "is discretionary, and the district court has wide discretion in determining whether to terminate an individual's term of supervised release." *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).

The Government opposes early termination of Mr. Burnett's supervised release citing the serious nature and circumstances of the instant offense. The Government reports that from 2012 through 2015, Mr. Burnett operated a heroin and cocaine distribution ring in the Indianapolis area and distributed those drugs to other distributors, who would then sell the drugs to customers. (Dkt. 79). The Government reports that Burnett was held accountable for supplying and distributing approximately 17 kilograms of heroin and 25 kilograms of cocaine over the course of the conspiracy and he laundered the illicit proceeds through his sham shoe business. *Id*. Based on his history of substance abuse, and the relevant factors under 18 U.S.C. § 3553, the Government argues early termination is not warranted. *Id*.

The probation officer confirms that while under supervision, Mr. Burnett "has demonstrated a commitment both to his sobriety, as well as to maintaining stability in his life." (Dkt. 78). Additionally, "[A]ll urinalyses have tested negative for illegal substances." *Id.* Although Mr. Burnett is in compliance with the terms and conditions of supervision, the probation officer

believes the request for early termination is premature due to the seriousness of the instant offense and Mr. Burnett's role in the offense. *Id*.

Mr. Burnett does not provide a reason why his supervision should be terminated early. Although he has done will his first year on supervised release, he has not met his burden of showing that his supervision poses an undue hardship. The Court applauds Mr. Burnett for his rehabilitative efforts and he should continue with those efforts. Mr. Burnett has only completed one of his five years of statutory minimum and Court-ordered supervision and his probation officer believes he will benefit from continued supervision. Given the offense conduct paired with Mr. Burnett's relatively short term of supervision, the Court agrees that the request for early termination is premature.

## II.    CONCLUSION

For the reasons explained above, Mr. Burnett's Motion for Early Termination of Supervision, Dkt. [76] is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Date:   2/17/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MaryAnn Totino Mindrum
DOJ-USAO
maryann.mindrum@usdoj.gov

Kenneth Lawrence Riggins
Kennethriggins@yahoo.com

Electronic Notice to USPO

Pierre Burnett
8110 Eskerban Dr
Avon, IN 46123